**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**VICTOR S. SEPULVEDA**                                                                                      **PETITIONER**

**v.**                                                                        **CIVIL ACTION NO. 3:13cv840-DCB-MTP**

**M. MARTIN**                                                                                                   **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on the *pro se* and *in forma pauperis* Petition of Victor S. Sepulveda for Writ of Habeas Corpus [1] pursuant to 42 U.S.C. § 2241. Respondent M. Martin filed his Response [15] on November 8, 2013. Thereafter, on December 3, 2013, Petitioner filed a Reply [17]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

Petitioner Victor S. Sepulveda is a federal inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Yazoo City, Mississippi, operated by the Federal Bureau of Prisons ("BOP"). On April 18, 2005, Petitioner was sentenced in the United States District Court for the Eastern District of California to a 292-month term for: (1) conspiracy to aid and abet in the manufacturing of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine; (2) attempted possession of pseudoephedrine with intent to manufacture methamphetamine; and (3) use of communication facility to facilitate drug trafficking.[1] Upon release, Petitioner will be subject to 120-month term of

---

[1] *See* Public Information Inmate Data [15-1] at 3.

supervision in the custody of the BOP.[2] His current projected release date is December 1, 2023, via good conduct time release.[3]

Petitioner filed the instant petition on or about January 1, 2013,[4] in which he challenges a conviction in a disciplinary proceeding by the BOP following an altercation between the Petitioner and another inmate at FCI Yazoo City. The incident report reflects that on December 6, 2011, at approximately 8:40 p.m., BOP Officer S. Mills witnessed Petitioner engaging in a fight. Specifically, Mill witnessed Petitioner strike another inmate numerous times in the upper body and head with closed fists. Mills states that he gave Petitioner a direct order to stop fighting, but that Petitioner did not comply. Instead, Petitioner had to be restrained by Mills and additional BOP staff and escorted him from the unit.[5]

Petitioner was served with a copy of the incident report the next day, December 7, 2011. He was advised of his right to remain silent, but nonetheless stated that, "I was not fighting but that guy should have never come to this compound."[6] Petitioner was also advised that the incident was being investigated by the Unit Disciplinary Committee ("UDC").[7] Before the UDC, Plaintiff claimed that he was not involved in the fight, and that his roommate was the one involved in the incident.[8]

---

[2]*Id.*

[3]*Id.*

[4]*See* Petition [1] at 10.

[5]*See* Incident Report [15-3] at 2.

[6]*Id.* at 3.

[7]*Id.*

[8]*Id.* at 4.

2

On December 13, 2011, the UDC referred the incident to a Disciplinary Hearing Officer ("DHO").[9] According to the "Notice of Discipline Hearing Before the DHO" form, Petitioner was given notice of the disciplinary hearing on December 13, 2011, at 5:20 p.m. The form, signed and dated by the Petitioner, reflects that Petitioner was advised of his right to call witnesses, present documentary evidence, and have a staff member represent him at the hearing. Petitioner did not wish to have a staff representative, but requested that he be allowed to present witnesses.[10]

The DHO hearing was held on December 20, 2011, before DHO Arthur B. Truex. The DHO report reflects that Petitioner denied being involved in the assault: " I do not understand why I am [here]. I did not participate in this assault. I have been here five years with no problems." Petitioner also offered witness testimony from FCI Inmate Nattu Valladarez, who testified: "I never saw him jump on the guy. I did see the incident. I did not see him at all in the area of the incident."[11] The DHO also considered the incident report written by Officer Mills.

At the conclusion of the hearing, Petitioner was found guilty of assaulting a fellow inmate in violation of Disciplinary Code 224. The DHO based his finding on the written report of Officer Mills, stating specifically:

> The DHO finds the detailed description that the reporting staff member listed in the incident report to be more persuasive than your account of this incident, and that of your witness. The DHO has determined that the greater weight of evidence in this case is given to the report writer, due to the greater credibility given to staff, which are impartial and have no reason to provide false or inaccurate information.[12]

---

[9] *Id.*

[10] Notice of Hearing Before the (DHO) [15-4] at 2.

[11] *See* DHO Report [15-6].; Declaration of Arthur B. Truex [15-2] at 3.

[12] DHO Report [15-6] at 3.

3

The DHO imposed the following sanctions: loss of twenty-seven (27) days good conduct time, sixty (60) days disciplinary segregation, ninety (90) days commissary restriction, and ninety (90) days telephone restriction.[13]

In his petition, Petitioner argues that (1) his due process rights were violated by the disciplinary hearing; (2) there was insufficient evidence to support his conviction; and (3) the DHO failed to consider exculpatory evidence in the form of a video depicting the alleged assault. Petitioner requests that his good conduct time be restored and that the disciplinary conviction be expunged from the record; or, in the alternative, Petitioner requests another disciplinary hearing in which the video depicting the incident is considered.

## **ANALYSIS**

### **Due Process Claim**

Petitioner summarily argues that the disciplinary hearing procedure was inadequate and that his conviction was in violation of his procedural due process rights. The record reflect that Petitioner lost twenty-seven (27) days of good conduct time as a result of the disciplinary conviction. In *Wolfe v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the loss of good conduct time, which will result in an inmate's confinement being extended, requires due process. In order for due process to be satisfied in a prison disciplinary hearing, an inmate must receive: (1) twenty-four (24) hours advance written notice of the charges; (2) a written statement by an impartial fact finder as to the evidence relied on and reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; and (4) when an illiterate inmate is involved or in an especially complex case, and inmate may seek the aid of a fellow inmate or prison staff member. *Id.* at 564-70.

---

[13]*Id.*

4

As explained below, the Petitioner in this case received these protections.[14]

First, according to the record, Petitioner received notice of the hearing on December 13, 2011, more than a week before his hearing on December 20, 2011.[15] Second, as outlined above, the DHO gave a full explanation supporting his finding of Petitioner's guilt, explaining that he afforded more weight to the written report than to Petitioner's testimony or that of his witness.[16] Next, Petitioner signed and dated the notice of hearing, which advised him of his right to present evidence and call witnesses.[17] The record also reflects that he was able to call a witness to testify on his behalf at the hearing.[18] Finally, the form signed by the Petitioner also advised him of his right to a staff representative, which he declined.[19]

Although Petitioner filed a Reply [17] to the Respondent's submissions, he offers nothing to contradict the record regarding the process he was afforded at the hearing. Rather, Petitioner devotes his reply to arguments regarding the sufficiency of the evidence, which will be addressed

---

[14]It is unclear whether the Petitioner is challenging the loss of privileges and transfer to restrictive custody that resulted from the disciplinary conviction. To the extent Petitioner raises such a challenge, it is well-settled that claims regarding an inmate's conditions of confinement are not properly brought in the context of a habeas petition. *See e.g., Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) ("The sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose."); *Cook v. Tex. Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (holding that a prisoner may not seek redress for allegedly unconstitutional "conditions of confinement" in a habeas proceeding).

[15]*See* Notice [15-4]; Report [15-6].

[16]*Id.* at 3.

[17]Notice [15-4] at 2.

[18]*See* DHO Report [15-6].; Declaration of Arthur B. Truex [15-2] at 3.

[19]Notice [15-4] at 2.

*infra*. Accordingly, for these reasons, habeas relief should be denied as to Petitioner's due process claims.

**Evidentiary Claims**

Petitioner alleges that his disciplinary hearing conviction was unsupported by evidence, and that exculpatory evidence was not considered by the DHO.

In order for a prison disciplinary hearing decision to meet the constitutional standard there must be merely "some evidence" to show that the inmate committed the offense in question. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). In analyzing whether this standard has been satisfied, the court is not required to examine the entire record, conduct an independent assessment of the credibility of the witnesses, or re-weigh the evidence. *Id.* at 455. Rather, the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. The result of a disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

Petitioner argues that his conviction is not supported by a "preponderance of the evidence."[20] However, as outlined above, it is well-settled that a prisoner disciplinary conviction must only be supported by "some evidence." *See Hill*, 472 U.S. at 456. In this case, there was clearly "some evidence" to support the DHO's finding. The DHO stated in the report that he relied on the written, eye-witness account of BOP Officer Mills, who witnessed the Petitioner repeatedly strike another inmate. The DHO also stated that he considered the testimony of the Petitioner and his witness, but afforded them less weight. This Court is not required to re-weigh the evidence before the DHO in

---

[20]*See* Reply [17] at 2.

order to ascertain whether the "some evidence" standard has been satisfied. *Id.* at 455-56.

Petitioner also asserts that he was denied the use of a videotape of the incident that would have been favorable to his defense, as it would have shown he was not the inmate involved in the fight. "The right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearings." *Arceneaux v. Pearson*, 449 Fed. App'x 396, 398 (5th Cir. 2011). The United States Court of Appeals for Fifth Circuit has held prison hearings to be fair where inmates sought to introduce surveillance video and were denied. *See, e.g., Neal v. Casterline*, 129 Fed. App'x 113, 114 (5th Cir. 2005); *Clements v. Dobre*, 273 F.3d 1107, at *1 (5th Cir. 2001).

In this case, the record before the Court contains no indication that a surveillance video of the incident existed at the time of hearing, much less that such a video, if it existed, contained any exculpatory evidence. *See Shillings v. Director*, 2008 WL 5071102, at *3 (E.D. Tex. Nov. 25, 2008) ("In the absence of any indication that exculpatory evidence existed, this ground for review does not provide petitioner with a basis for relief."). Even assuming such video footage did exist, the Fifth Circuit has clearly held the failure of the DHO to watch surveillance video does not, by itself, warrant habeas relief. *See Arceneaux*, 449 Fed. App'x at 398 (holding that Fifth Circuit precedent "illustrates the basic principle that a failure to review available documentary evidence does not in itself render a hearing unfair.").

Accordingly, for these reasons, the DHO decision must be upheld, and Petitioner's requests for habeas relief should be denied.

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] filed by Victor S. Sepulveda be denied and dismissed with prejudice.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th of April, 2016.

s/ Michael T. Parker
United States Magistrate Judge